Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4499 | **DATE** | July 12, 2001 |
| **CASE TITLE** | *Brian Jones vs. R.K. Natesha, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court (1) denies defendant Natesha's motion to dismiss plaintiff's amended complaint and (2) denies defendant Sood's motion to dismiss plaintiff's amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

---

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 13 2001 date docketed | 93 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | *mw* docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| CW courtroom deputy's initials | | FILED FOR DOCKETING 01 JUL 12 PM 5:46 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
JUL 1 3 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 00 C 4499 |
| | ) | |
| DR. R. K. NATESHA, DR. SOOD, | ) | Judge James H. Alesia |
| DR. ZHANG, DR. A. TILDEN, | ) | |
| DR. EVARISTO AGUINALDO AND | ) | |
| DR. JOSEPH K. SMITH | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the court are defendants Dr. R. K. Natesha's and Dr. Sood's motions to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the court denies both motions.[1]

## I. BACKGROUND

Plaintiff Brian Jones ("Jones"), an inmate at Stateville Correctional Center, brought this action under 42 U.S.C. § 1983 ("§ 1983") against individual Stateville Correctional Center and Joliet Correctional Center medical personnel. The amended complaint alleges the following facts which for purposes of ruling on this motion the court must accept as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

---

[1] Defendants Tilden, Aguinaldo and Smith filed an answer to plaintiff's complaint on October 30, 2000. Defendant Zhang filed an answer on January 19, 2001.

Jones is a resident of Illinois and is currently incarcerated at Stateville Correctional Center. All defendants were, at all relevant times, licensed medical doctors in the state of Illinois and employed, either full time or on a contractual basis, as correctional center physicians by the Illinois Department of Corrections at Stateville Correctional Center and/or Joliet Correctional Center.

In August or September 1998, Jones first complained of hemorrhoids and was treated by defendants Dr. R. K. Natesha ("Natesha"), Dr. Sood ("Sood"), and/or Dr. Zhang ("Zhang"). On October 21, 1998, Natesha, Sood, or Zhang performed hemorrhoid surgery on Jones. For a year following the October 1998 surgery, Jones complained to Natesha, Sood, and Zhang of extreme pain, discomfort, and/or bleeding near the operative area.[2] Natesha, Sood, and Zhang continued treating Jones in the same manner for over one year following the October 1998 surgery.

On or about October 5, 1999, Jones was transferred to Joliet Correctional Center where he immediately and repeatedly notified defendants Dr. A. Tilden ("Tilden"), Dr. Evaristo Aguinaldo ("Aguinaldo"), and Dr. Joseph K. Smith ("Smith") of his post-operative complications and treatment. Jones remained at Joliet Correctional Center for approximately three months under the care of Tilden, Aguinaldo, and Smith. While under their care, he continued to experience the same pain, discomfort, and bleeding he experienced just after the October 1998 operation.

---

[2] Jones's amended complaint alleges that Jones also notified Dr. Snyder and Dr. Elyea of his pain and treatment during the year following the October 1998 surgery. The court ignores this allegation, however, because Dr. Snyder and Dr. Elyea were terminated from this case on March 23, 2001.

On December 16, 1999, Natesha performed a second hemorrhoid operation on Jones. Approximately two weeks after the December 1999 surgery, Jones began to experience the same pain, discomfort, and bleeding he experienced after the October 1998 surgery. He immediately reported this pain to Natesha, Tilden, Aguinaldo, and Smith. They "refused to properly treat the extreme pain, discomfort, and bleeding that Plaintiff reported." (Am. Compl. at ¶ 23.)

On June 1, 2000, a third operation was performed on Jones "by one or more of the Defendants or at the direction/supervision of one or more of the Defendants." (*Id.* at ¶ 24.) Plaintiff believes he is suffering from internal bleeding resulting from the June 2000 operation. He has informed all defendants of his concern of internal bleeding.

Jones has filed a one-count amended complaint alleging that each defendant violated his constitutional right to reasonable medical care and treatment. He is suing all the defendants in their individual capacities and alleges that they all acted in the course and scope of their employment and under color of state law.

Natesha and Sood have each filed motions to dismiss Jones's amended complaint. Defendants' motions, taken together, argue that Jones's amended complaint should be dismissed because (1) the allegations in Jones's complaint do not establish that the defendants' actions were undertaken pursuant to color of state law, and (2) Jones fails to state a cause of action under §1983 because, while Jones may have disagreed with the defendants' diagnosis and treatment, this does not amount to a constitutional violation for deliberate indifference.[3]

---

[3] In addition to these arguments, Natesha also argues that Jones's complaint should be dismissed because he cannot raise a reckless indifference claim under the Fourth Amendment. To support this argument, Natesha points out that Jones's complaint erroneously states that he
(continued...)

## II. DISCUSSION

### A. Standard for deciding a motion to dismiss pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. FED. R. CIV. P. 12(b)(6). *See Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2000). If, when viewed in a light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if it is clear from the complaint that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The federal rules do not require detailed factual pleadings. FED. R. CIV. P. 8(a)(2). Rather, federal notice pleading requires only that the plaintiff "set out

---

[3](...continued)
is bringing his claim pursuant to the Fourth Amendment rather than the Fourteenth Amendment, and his complaint does not use the phrases "Eighth Amendment" or "deliberate indifference." In one paragraph of his complaint, Jones alleges that his "constitutional right to reasonable medical care and treatment, as guaranteed by the Fourth Amendment, was violated by each of the Defendants in that each of the Defendants acted with reckless indifference to Plaintiff's obvious and well-documented need for medical care and treatment." (Am. Compl. at ¶ 32.) Jones also alleges that "Defendants' acts of reckless indifference not only violated Plaintiff's constitutional right to reasonable treatment, those acts violated Plaintiff's civil rights as guaranteed by 42 U.S.C. § 1983." (Am. Compl. at ¶ 35.) It is clear from these paragraphs and from the rest of the complaint that Jones seeks to bring his complaint under the Fourteenth Amendment. There is no Fourth Amendment search and seizure involved in this case, and the applicable constitutional provision at issue here is the Fourteenth Amendment. Therefore, the court finds this is a mere scrivener's error. Because this mistake is harmless, the court presumes Jones intends to bring his action under the Fourteenth Amendment, not the Fourth Amendment, and the court need not further address Natesha's argument.

in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). A complaint meets these requirements when it provides fair notice of the nature of plaintiff's claim and the ground upon which it relies. *Starling v. Chicago Police Officers*, No. 98 C 7900, 2000 WL 1036301, at *5 (N.D. Ill. July 21, 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). The Supreme Court has refused to apply a heightened pleading standard to § 1983 claims. *Id.*

**B. Section 1983 claim – denial of medical care**

To properly state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) the defendants were acting under color of state law and (2) the defendants deprived him of a right or an interest secured by the Constitution or laws of the United States. *Payne v. Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998). Because the defendants challenge both these prongs in their motions to dismiss, the court will address each prong in turn.

**1. Color of state law**

The first prong of a § 1983 requires a plaintiff to allege that the defendants were acting under color of state law. In his motion to dismiss, Natesha claims that Jones has failed to state a claim because the allegations in his complaint do not establish that Natesha's actions were undertaken pursuant to color of state law. Natesha argues that he was merely a physician who entered into a contract with the Illinois Department of Corrections and that Jones cannot attempt to hold a private party liable for actions that were not undertaken pursuant to color of state law.

This claim fails because in *West v. Atkins*, 487 U.S. 42 (1988), the Supreme Court concluded that a private physician under contract with the state to provide medical care on a full-

5

time or part-time basis to prisoners was a state actor within meaning of § 1983. *West*, 487 U.S. at 50-58. In reaching its conclusion, the Court reasoned that "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights." *Id.* at 56.

In this case, Natesha and the other defendants were all medical personnel employed by the state at the time of Jones's incarceration. In light of the Supreme Court's decision in *West*, it is clear the defendants were state actors acting under color of state law. Thus, the court denies Natesha's motion to dismiss on this basis. The crucial inquiry, therefore, is whether the defendants deprived Jones of a right secured by the Constitution. *See Payne*, 161 F.3d at 1039.

### 2. **Deprivation of right secured by Constitution**

The second prong of a § 1983 claim requires a plaintiff to allege that the defendants deprived the plaintiff of a right or interest secured by the Constitution or laws of the United States. Here, Jones is claiming he was deprived of his constitutional right to medical attention. This right is conferred by the Eighth Amendment, which protects prisoners from deliberate indifference to a serious injury or medical need. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Individuals are liable under § 1983 if they caused or participated in the alleged constitutional deprivation. *Flowers v. Velasco*, No. 00 C 1708, 2000 WL 1644362, at *4 (N.D. Ill. Oct. 19, 2000) (citing *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Further, these standards apply both to prison guards and to medical personnel. *Mazariegos v. Cooper*, No. 99 C 7628, 2001 WL 293121, at *2 (N.D. Ill. Mar. 23, 2001). *See also Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998) (stating that the Fourteenth Amendment professional

judgment standard applies to decisions made by professionals such as physicians and nurses within their area of expertise and requires "essentially the same analysis" as the Eighth Amendment deliberate indifference standard).

To state a § 1983 claim against the Natesha and Sood in their individual capacities, Jones must allege (1) that he was suffering from a serious medical need and (2) that the defendants were deliberately indifferent to his serious medical needs. *See Chapman*, 241 F.3d at 845; *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000); *Payne*, 161 F.3d at 1041. Although defendants do not challenge the first prong of this test, the court still will address both prongs.

a. **Serious medical need**

Inattention to a medical condition amounts to a constitutional violation only where the medical condition is serious. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). The Seventh Circuit has defined an objectively serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citations omitted). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

The parties do not dispute that Jones's hemorrhoid condition was serious. Jones's hemorrhoids were serious enough to lead the doctors to perform three surgeries within two years. Further, other courts have found similar hemorrhoid conditions serious. *See Hunt v. Nelson*, 96 C 50261, 1997 WL 760506, at *2 (N.D. Ill. Dec. 1, 1997) (finding hemorrhoids a serious medical condition). *Accord Kennedy v. Grace*, No. 87 C 1285, 1988 WL 8998, at *1 (N.D. Ill. Feb. 1, 1998); *Woods v. Schuman*, No. 95 C 5683, 1997 WL 610323, at *2 (N.D. Ill. 1997); *Henderson v. Harris*, 672 F. Supp. 1054, 1059 (N.D. Ill. 1987). Therefore, Jones's allegations sufficiently state that he suffered from a "serious" medical need to withstand a motion to dismiss. Thus, the next issue the court must address is whether Jones has sufficiently alleged that the defendants were deliberately indifferent to his serious medical need.

### b.     Deliberate indifference

The Supreme Court has stated that a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). It is not enough for a plaintiff to aver a single, conclusory allegation that the defendants' conduct was "deliberately indifferent" to the plaintiff's constitutional rights. *Payne*, 161 F.3d at 1041. Further, neither negligence nor even gross negligence is a sufficient basis for liability. *Spencer v. Sheahan*, No. 97 C 4347, 1999 WL 438998, at *4 (N.D. Ill. June 21, 1999). On the contrary, a finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman*, 241 F.3d at 845 (citing *Farmer*, 511 U.S. at 840-42). *See Payne*, 161 F.3d at 1042 (stating that plaintiff

8

must allege some conduct on the part of the defendants that rises to the level of deliberate indifference).

In the specific context of medical care, proof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed. *Ford*, 2001 WL 456427, at *6 (citing *Estelle*, 429 U.S. at 104-05); *Spencer*, 1999 WL 438998, at *4. Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at *6 (N.D. Ill. April 27, 2001) (citing *Gutierrez*, 111 F.3d at 1374). Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591-92 (7th Cir. 1996). Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference. *Mazariegos*, 2001 WL 293121, at *2 (citing *Estelle*, 429 U.S. at 107). Rather, a plaintiff can show that medical personnel disregarded a serious medical need "only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon*, 163 F.3d at 989.

Defendants argue that Jones merely disagreed with the diagnosis or treatment rendered by defendants and that this does not amount to a constitutional violation for deliberate indifference. Defendants are correct that a prisoner does not have a constitutional right to choose his treatment and that a court will not second-guess matters of professional judgment. *Snipes*,

95 F.3d at 591; *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996). Nevertheless, the Constitution does guarantee that a prisoner will not knowingly be given inadequate treatment, and deliberate indifference can arise by failure to change clearly ineffective treatment. *See Chavez v. Cady*, 207 F.3d 901, 905-06 (7th Cir. 2000) (finding a nurse deliberately indifferent when she provided the same treatment for the plaintiff, who was suffering from a perforated appendix, that she had provided a week earlier despite his suffering for seven more days); *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990) (finding that a prisoner may recover on a deliberate indifference claim if he "can prove that the clinic personnel deliberately gave him a certain kind of treatment knowing that it was ineffective, either as a means of toying with him or as a way of choosing the 'easier and less efficacious treatment.'" (quoting *Estelle*, 429 U.S. at 104 n.10)). Thus, if Jones is able to demonstrate that – despite his continual complaints that the treatment was not easing his pain, discomfort and bleeding – the doctors arbitrarily refused to alter obviously ineffective treatment, it could support an inference that the doctors were deliberately indifferent to Jones's suffering. *See Chavez*, 207 F.3d at 905-06.

Jones's hemorrhoids were severe enough to lead the doctors to perform three surgeries within two years. Jones alleges that over this period of nearly two years he continually asked for treatment for his pain, discomfort, and bleeding. Further, he alleges that the defendants continued to administer the same treatment despite the fact his symptoms did not improve in the two years he suffered. These allegations – taken as true by the court – provide an inference that the doctors knew of a serious risk. *See Armstrong v. Squadrito*, 152 F.3d 564, 580 (7th Cir. 1998). ("For the guards to have continued to refuse [the plaintiff]'s complaints and for them to

have continued only to check the will call list evinces the serious possibility of deliberate indifference to [the plaintiff]'s plight.").

After a review of the record, this court may decide that Jones's case does not meet the standard of deliberate indifference set forth in *Chavez v. Cady*, 207 F.3d 901 and *Kelley v. McGinnis*, 899 F.2d 612. However, in reviewing a motion to dismiss, the court is required to draw inferences in favor of Jones, not against him. There are many facts the court cannot ascertain from the complaint, and without the assistance of medical files or other medical resources, the court cannot determine the adequacy of the treatment or whether the doctors' failure to adequately treat Jones's hemorrhoids could lead to more serious medical consequences. *See Woods*, 1997 WL 610323, at *3 (denying defendants' motion to dismiss plaintiff's complaint regarding inadequate treatment of hemorrhoids). Nonetheless, at this stage of the litigation, it appears Jones may be able to prove facts demonstrating that defendants failed to provide him with adequate medical care for a serious medical need.

In sum, Jones's amended complaint contains allegations sufficient to state a claim under § 1983 that the individual defendants were deliberately indifferent to his serious medical need. Taking the allegations in Jones's complaint as true, the court cannot say beyond doubt that Jones could prove no set of facts that would entitle him to relief. Accordingly, the court denies defendants' motions to dismiss Jones's amended complaint.[4]

---

[4] The court would, however, consider a properly supported motion for summary judgment on this issue. Such a motion – addressing the severity of Jones's hemorrhoids and defendants' responses to his request for treatment – along with the pertinent medical records, affidavits, or testimonial evidence would assist the court in determining whether a constitutional violation occurred.

11

## III. CONCLUSION

For the foregoing reasons, the court denies defendants' motions to dismiss plaintiff's amended complaint.

JUL 12 2001
Date

James H. Alesia
United States District Judge